# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-887V
Filed: May 26, 2016
Not for Publication

*************************************
GLORIA HOLMES,                        *
                                      *
        Petitioner,                   *
                                      *       Attorneys' fees and costs decision;
v.                                    *       reasonable attorneys' fees and
                                      *       costs; forum attorney hourly rate;
SECRETARY OF HEALTH                   *       forum paralegal hourly rate
AND HUMAN SERVICES,                   *
                                      *
        Respondent.                   *
                                      *
*************************************

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 22, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she suffered an urticarial rash with angioedema and steroid-induced psychosis due to her receipt of the influenza ("flu") vaccine on November 21, 2011. On March 28, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On April 7, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $28,672.50.00 and attorneys' costs in the amount of $14,234.51, including $8,500.00 in expert fees, for a total amount of $42,907.01. In compliance

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

with General Order #9, petitioner's counsel filed a statement signed by petitioner saying she incurred no out-of-pocket expenses in pursuing her claim.

On April 11, 2016, respondent filed a response to petitioner's motion stating that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. §§ 300aa-15(e)(1)(A)-(B). Resp. at 2. However, respondent argues that the amount of attorneys' fees and costs petitioner requests is not reasonable. She "respectfully recommends that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs" within the range of $22,000.00 to $27,000.00. Id. at 3. Respondent bases her estimate of reasonable fees and costs on several other vaccine cases involving urticaria that settled in approximately one year. Id. at 3, n.2. In the cases cited by respondent, petitioner's counsel received attorneys' fees and costs ranging from $14,813.14 to $15,567.49. See E.S. v. Sec'y of HHS, No. 14-118V, 2015 WL 7166273, at *1 (Fed. Cl. Spec. Mstr. Oct. 21, 2015); Rose v. Sec'y of HHS, No. 14-684V, 2015 WL 6163578, at *1 (Fed. Cl. Spec. Mstr. Sept. 16, 2015); Byler v. Sec'y of HHS, No. 12-544V, 2013 WL 3341064, at *1 (Fed. Cl. Spec. Mstr. June 6, 2013). Respondent's counsel explains that she adjusted her estimated range upward to account for expert costs. Resp. at 3, n.2. On April 20, 2016, petitioner filed her reply to respondent's response.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

The undersigned finds that the cases cited by respondent do not support her contention that petitioner's attorneys' fees and costs award should be reduced. As petitioner points out, in Byler, petitioner's counsel was involved in fraudulent billing practices that make the amount awarded in that case irrelevant. Reply at 2. The other two cases cited by respondent are also unpersuasive. Even when they involve the same injury, vaccine cases involve petitioners with different medical and procedural histories, which can greatly alter the amount of time a petitioner's attorney spends on the case. Therefore, simply citing to cases involving the same injury does not support respondent's argument that petitioner should be awarded a similar amount of attorneys' fees and costs in the instant case.

Based on her experience and review of the billing records and invoices submitted by petitioner, the undersigned finds that the amount of time billed by petitioner's attorney and petitioner's attorney's costs are reasonable. However, she finds that the hourly rate requested for the work completed by Kistina E. Grigorian, one of the associates employed by petitioner's attorney, and Thomas G. Hahn, a paralegal who worked on the case, are unreasonable.

Petitioner requests a rate of $250.00 per hour for Ms. Grigorian's work on this case. Ms. Grigorian has less than four years of experience in the Vaccine Program. She was admitted to practice law in California in 2012 and admitted to the U.S. Court of Federal Claims Bar in June of 2013. Mr. Pop Aff. at 3-4. However, Ms. Grigorian has worked at petitioner's counsel's law firm since April of 2008. Id. at 4. She worked 30 to 40 hours per week during law school, and has worked for the firm full time since her graduation in 2012. Id.

McCulloch suggests an hourly rate of $150.00 to $225.00 for attorneys with less than four years of experience in the Vaccine Program. McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned finds that it is not appropriate to award an hourly rate of $250.00 for Ms. Grigorian's work on this case, as the rate is $25.00 higher than the rate set in McCulloch for attorneys with Ms. Grigorian's level of experience. However, McCulloch does suggest that special masters consider "prior clerkships or legal intern work during law school in the Vaccine Program." Id. at *19. Therefore, in consideration of Ms. Grigorian's experience working at petitioner's counsel's law firm during law school, the undersigned will award an hourly rate of $225.00, which is the highest forum rate for attorneys with less than four years of experience. As Ms. Grigorian spent 16.9 hours on the case, **the undersigned reduces petitioner's attorneys' fees for Ms. Grigorian's work by $422.50**.

Petitioner requests an hourly rate of $175.00 for Mr. Hahn's work on the case. While Mr. Hahn was an active trial attorney in California from 1973 to 1999, he resigned from the State Bar of California in 2003. Mr. Pop Aff. at 4-5. Since then, Mr. Hahn has worked as a senior paralegal at petitioner's counsel's law firm. Id. at 4. Much of Mr. Hahn's work as an attorney involved defending against medical malpractice claims. Id. at 4-5.

McCulloch suggests hourly rate of no more than $135.00 for paralegals. McCulloch at *21. The undersigned does not find it appropriate to award $40.00 more than the McCulloch rate for Mr. Hahn's work. However, considering his extensive experience as an attorney, the undersigned will award the top paralegal rate of $135.00 per hour for Mr. Hahn. Mr. Hahn spent 37.4 hours on this case. **Therefore, the undersigned reduces the petitioner's fees for Mr. Hahn's work on the case by $1,496.00**.

The undersigned finds an award of attorneys' fees and costs appropriate. She reduces petitioner's award by $1,918.50, reflecting a reduction of the hourly rates awarded for Ms. Grigorian and Mr. Hahn. Therefore, the undersigned awards **$40,988.51**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Jeffrey S. Pop & Associates in the amount of **$40,988.51**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: <u>May 26, 2016</u>                                             <u>s/ Laura D. Millman</u>
                                                                                              Laura D. Millman
                                                                                              Special Master